**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BREANNA SHERRELL MORRIS, on behalf of herself and her minor son similarly situated, B.T.M., through his birth mother, only,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, in its official capacity, THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, in its official capacity, and THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, in its official capacity,<br><br>Defendants. | ) | No. 2:26-cv-02738-TLP-atc |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Breanna Sherrell Morris sued Defendants the United States of America, the United States Department of Homeland Security (HSI), and the United States Citizenship and Immigration Services (ICE) for three counts of fraudulent misrepresentation. (ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters. Judge Christoff issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the case sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction. (ECF No. 20.) Plaintiff did not object timely. (ECF No. 22.) For the reasons below, the Court **ADOPTS** the R&R.

## BACKGROUND

> Judge Christoff accurately describes the Complaint.
>
> Morris's pleadings are difficult to parse. She alleges that she is "being forced into entrapments/hostage for briberies due to enabling" a litany of wrongs, including constitutional, property, and tort violations. (ECF No. 1 at 4–6.) She asserts three counts of fraudulent misrepresentation: one against the United States, alleging she is "currently entrapped because of the State of Texas and the State of Tennessee wrongful acts which the United States of America has/had the authority to regulate/enforce/prevent injuries from being ongoing," two against the Department of Homeland Security and the United States Citizenship and Immigration Services, alleging both "knew the plaintiff[s] were being deprived and harm to the plaintiff[s] and/or plaintiff[s'] property because of fraudulent misrepresentation." (Id. at 7–8.)

(ECF No. 20 at PageID 85.)

Judge Christoff recommends the Court sua sponte dismiss the case for lack of subject matter jurisdiction. (ECF No. 20 at PageID 85.) Judge Christoff found that the United States has not waived sovereign immunity for claims of fraudulent misrepresentation. (*Id.* at PageID 88–89.) She also found the factual and legal allegations in Plaintiff's Complaint to be frivolous. (*Id.* at PageID 89–91.) The Court agrees with Judge Christoff's analysis.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss. *See* 28 U.S.C. § 636(b)(1)(A)–(B). The parties may object to those proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). And if neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the "properly" objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. §

636(b)(1). "Objections must be clear and concrete, directing the court's attention to a particularized contention with the magistrate judge's findings." *Stitzlein v. Comm'r of Soc. Sec.*, No. 1:25-CV-00808, 2026 WL 2474183, at *3 (N.D. Ohio Aug. 24, 2026).

Judge Christoff entered her R&R. (ECF No. 34.) The R&R notified both parties that they had fourteen days to object. The Court received Plaintiff's objection 18 days later, on September 1, 2026, making it untimely. *Arnold v. City of Crump, Tenn.*, No. 1:18-cv-01227-STA-jay, 2019 WL 4039636, at *1 (W.D. Tenn. Aug. 27, 2019) ("A filing that is delivered to the clerk's office after the deadline is untimely, even if the filing was mailed on or before the deadline."). And Plaintiff's objection is unclear. She states, "Pursuant to the 5th and 10th amendment of the Constitution of the United States of America, where Federal Question is the Subject Matter, and in relation to Gideon v. Wainright case where discovery will show that Plaintiff(s) has been accused of crime(s). (Unlawful restraint on plaintiff(s) name causing deprivations)." (ECF No. 22 at PageID 107.) The Court cannot parse this statement.[1] So even if the objection were timely, the Court would still review the R&R for clear error.

**DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. The Court agrees with Judge Christoff's reasoning that Plaintiff's legal and factual allegations are frivolous. The Court therefore **ADOPTS** the R&R.

---

[1] Plaintiff also submitted documents with captions after Judge Christoff submitted her R&R. (ECF No. 21.) But it is unclear if or how they are relevant to Plaintiff's Complaint.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R and finds no clear error. And so the Court **ADOPTS** the R&R's recommendation and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

**SO ORDERED**, this 27th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE